IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Krystal Johnson, | Case No. 8:14-cv-03751-MGL-JDA |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| Jesse Quattlebaum, Town of Saluda, Hon. Alan Wilson, | |
| Defendants. | |

This matter is before the Court on a motion for preliminary injunction filed by Plaintiff [Doc. 10]; a motion to dismiss filed by Defendant Alan Wilson [Doc. 20]; and a motion for summary judgment as to Count IV and for hearing filed by Plaintiff [Doc. 21]. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983 and to submit findings and recommendations to the District Court.

Plaintiff filed this action on September 23, 2014, against Defendants Jesse Quattlebaum ("Quattlebaum"), Town of Saluda ("Saluda"), and the Honorable Alan Wilson ("Wilson"), alleging violations of her constitutional rights pursuant to 42 U.S.C. § 1983 and a state law claim of malicious prosecution. [Doc. 1.] On October 18, 2014, Plaintiff filed a motion for preliminary injunction. [Doc. 10.] On November 10, 2014, Wilson filed a motion to dismiss and Plaintiff filed a motion for summary judgment and for hearing. [Docs. 20, 21.] The same day, Plaintiff filed a response in opposition to Wilson's motion to dismiss. [Doc. 22.] Wilson filed a response in opposition to Plaintiff's motion for summary

judgment on December 1, 2014, and Plaintiff filed a reply on December 15, 2014. [Docs. 32, 36.] Accordingly, the motions are ripe for review.

## **BACKGROUND**[1]

Plaintiff alleges that, on March 10, 2014, she summoned the police to help her retrieve her car keys from a family member who did not want to turn them over. [Doc. 1 ¶¶ 7–8.] Quattlebaum arrived at the private residence and claims that Plaintiff told him, in the presence of two children, "This is some motherfucking shit." [*Id.* ¶ 9.] Thereafter, Quattlebaum arrested Plaintiff for violating S.C. Code Ann. § 16-17-530(b). [*Id.* ¶ 10.] Quattlebaum took Plaintiff to jail, where she stayed until she was released on her own recognizance. [*Id.* ¶ 11.] Quattlebaum prosecuted Johnson in the Saluda Municipal Court. [*Id.* ¶ 12.] The Saluda Municipal Court directed a verdict in Plaintiff's favor in the criminal action. [*Id.* ¶ 13.]

Plaintiff alleges four causes of action—Count I against Quattlebaum for violation of § 1983; Count II against Quattlebaum for malicious prosecution; Count III against Saluda for a *Monell* claim under § 1983; and Count IV against Quattlebaum and Wilson for an *Ex Parte Young* claim under § 1983. [*Id.* ¶¶ 15–37.] Plaintiff seeks actual and punitive damages on Counts I through III; a declaratory judgment that Quattlebaum violated Plaintiff's constitutional rights; a declaratory judgment that S.C. Code Ann. § 16-17-530(b) is unconstitutional; an injunction against Quattlebaum and Wilson from enforcing S.C. Code Ann. § 16-17-530(b) in the future; costs; and attorney's fees. [*Id.* at 6–7.]

---

[1]The facts included in this Background section are taken directly from Plaintiff's Complaint.

## APPLICABLE LAW

**Requirements for a Cause of Action Under § 1983**

This action is filed pursuant to 42 U.S.C. § 1983, which provides a private cause of action for constitutional violations by persons acting under color of state law. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

Section 1983 provides, in relevant part,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [the plaintiff] of a right secured by the Constitution and laws of the United States" and (2) that the defendant "deprived [the plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (third alteration in original) (citation and internal quotation marks omitted).

The under-color-of-state-law element, which is equivalent to the "state action" requirement under the Fourteenth Amendment,

> reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments. This fundamental limitation on the scope of constitutional guarantees preserves an area of individual freedom by limiting the reach of federal law and avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.

*Id.* (quoting *Dowe v. Total Action Against Poverty in Roanoke Valley,* 145 F.3d 653, 658 (4th Cir. 1998)) (internal citations and quotation marks omitted). Nevertheless, "the deed of an ostensibly private organization or individual" may at times be treated "as if a State has caused it to be performed." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001). Specifically, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Id.* (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). State action requires both an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State . . . or by a person for whom the State is responsible" and that "the party charged with the deprivation [is] a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). A determination of whether a private party's allegedly unconstitutional conduct is fairly attributable to the State requires the court to "begin[ ] by identifying 'the specific conduct of which the plaintiff complains.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51 (1999) (quoting *Blum* v. *Yaretsky*, 457 U.S. 991, 1004 (1982)).

**Requirements for a Preliminary Injunction**

Usually, a temporary restraining order or preliminary injunction "protect[s] the status quo . . . to prevent irreparable harm during the pendency of a lawsuit [and] ultimately to preserve the court's ability to render a meaningful judgment on the merits." *In re Microsoft Corp. Antitrust Litigation*, 333 F.3d 517, 525 (4th Cir. 2003). However, mandatory preliminary injunctions, which compel action, "do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demand such relief." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980) (citing *Interstate Commerce Comm'n v. Baltimore & Annapolis R.R. Co.*, 64 F.R.D. 337 (D. Md. 1974)). Therefore, "a mandatory preliminary injunction must be necessary both to protect against irreparable harm in a deteriorating circumstance created by the defendant and to preserve the court's ability to enter ultimate relief on the merits of the same kind." *Microsoft*, 333 F.3d at 526.

In any event, a preliminary injunction is "an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Coucil, Inc.*, 555 U.S. 7, 23 (2008) (citing *Munaf v. Green*, 553 U.S. 674, 689–90 (2008)). To obtain a preliminary injunction, a plaintiff must show four elements:

      1)    he is likely to succeed on the merits,

      2)    he will suffer irreparable harm if the preliminary injunction is not granted,

      3)    the balance of equities favors him, and

      4)    the injunction is in the public interest.

*Id.* at 20; *see also Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 345–47 (4th Cir. 2009) (explaining how the *Winter* standard for preliminary injunctions is different from the standard previously applied in the Fourth Circuit), *judgment vacated and remanded*, 130 S. Ct. 2371 (2010), *in light of Citizens United v. Fed. Election Comm'n*, 130 S. Ct. 876 (2010).  The plaintiff must establish all four elements to receive injunctive relief. *Winter*, 555 U.S. at 20.

Under *Winter*, the Supreme Court requires "that the plaintiff make a clear showing that [he] will likely succeed on the merits at trial." *Real Truth About Obama*, 575 F.3d at 346 (citing *Winter*, 555 U.S. at 20).  Moreover, the party seeking the injunction must make a clear showing that it will likely suffer irreparable harm without an injunction. *Id.* at 347 (citing *Winter*, 555 U.S. at 20).  Further, the Supreme Court in *Winter* emphasized the public interest requirement, requiring courts to pay "'particular regard for the public consequences in employing the extraordinary remedy of injunction.'"  555 U.S. at 24 (quoting *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982)).

**Motion to Dismiss Standard**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support her claim and entitle her to relief.  When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).  However, the court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D.*

6

*Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Further, for purposes of a Rule 12(b)(6) motion, a court may rely on only the complaint's allegations and those documents attached as exhibits or incorporated by reference. *See Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985). If matters outside the pleadings are presented to and not excluded by the court, the motion is treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(d).

With respect to well-pleaded allegations, the United States Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

550 U.S. 544, 555 (2007) (footnote and citations omitted); *see also* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than a bare averment that the pleader wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard reflects the threshold requirement of Rule 8(a)(2)—the pleader must plead sufficient facts to show he is entitled to relief, not merely facts consistent with the defendant's liability. *Twombly*, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" (quoting *Twombly*, 550 U.S. at 557)). Accordingly, the plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible the plaintiff is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

**Summary Judgment Standard**

Rule 56(c) of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact and (2) he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue

of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56(e) provides in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not

> so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must produce existence of every element essential to his action that he bears the burden of adducing at a trial on the merits.

## DISCUSSION

The pending motions address only Count IV of the Complaint—Plaintiff's *Ex Parte Young* claim alleging that S.C. Code Ann. § 16-17-530(b) is unconstitutional on its face. Plaintiff argues the statute is unconstitutionally overbroad and vague. [Docs. 1 ¶ 36; 10-1; 21; 22; 36.] The statute provides:

> § 16-17-530. Public disorderly conduct.
>
> Any person who shall (a) be found on any highway or at any public place or public gathering in a grossly intoxicated condition or otherwise conducting himself in a disorderly or boisterous manner, **(b) use obscene or profane language on any highway or at any public place or gathering or in hearing distance of any schoolhouse or church** or (c) while under the influence or feigning to be under the influence of intoxicating liquor, without just cause or excuse, discharge any gun, pistol or other firearm while upon or within fifty yards of any public road or highway, except upon his own premises, shall be deemed guilty of a misdemeanor and upon conviction shall be fined not more than one hundred dollars or be imprisoned for not more than thirty days.

S.C. Code Ann. § 16-17-530 (emphasis added to the subsection being challenged).

State statutes are presumed to be constitutional. *See Fitts v. Kolb*, 779 F.Supp. 1502, 1513 (D.S.C. 1991) (citing *S.C. State Highway Dep't v. Barnwell*, 303 U.S. 177 (1938)) (noting state statutes are presumed constitutional). The party challenging the statute's constitutionality bears the burden of proving that it is unconstitutional. *Id.* Courts

must remain mindful that they "should avoid a statutory interpretation which raises constitutional questions if there is a reasonable reading of the statute which does not raise those issues." *Id.* (quotations and citation omitted). Similarly, courts are to avoid an unconstitutional construction of a law when possible. *Id.* (citation omitted).

When evaluating a facial challenge to a state statute based on overbreadth and vagueness, "a court's first task is to determine whether the enactment reaches a substantial amount of constitutionally protected conduct." *Village of Hoffman Estates v. Flipside, Hoffman Estates*, 455 U.S. 489, 494 (1982). Additionally, a federal court must consider any prior state construction of the statute. *Id.* at 494 n. 5 (citing *Grayned v. City of Rockford*, 408 U.S. 104, 110 (1972); *see also Wainright v. Stone*, 414 U.S. 21 (1973) ("The judgment of federal courts as to the vagueness or not of a state statute must be made in the light of prior state constructions of the statute.").

### *Overbreadth*

With respect to overbreadth, "[o]nly a statute that is substantially overbroad may be invalidated on its face." *City of Houston v. Hill*, 482 U.S. 451, 458 (1987) (citing *New York v. Ferber*, 458 U.S. 747, 769 (1982); *Broadrick v. Oklahoma*, 413 U.S. 601 (1973)). Thus, the Supreme Court has "never held that a statute should be held invalid on its face merely because it is possible to conceive of a single impermissible application." *Id.* (internal quotation marks omitted) (quoting *Broadrick*, 413 U.S. at 630). Criminal statutes "must be scrutinized with particular care." *Id.* at 459 (citing *Winters v. New York*, 333 U.S. 507, 515 (1948)). Thus, criminal statutes that "make unlawful a substantial amount of constitutionally protected conduct may be held facially invalid even if they also have legitimate application." *Id.* (citing *Kolender v. Lawson,* 461 U.S. 352, 359 n.8 (1983)).

11

Here, Plaintiff concedes that obscene speech is unprotected by the First Amendment. [Doc. 22 at 3 n.2 (citing *Miller v. California*, 413 U.S. 15 (1973)).] Accordingly, the Court will address profane speech under S.C. Code Ann. § 16-17-530. As argued by Wilson, the South Carolina Court of Appeals has construed S.C. Code Ann. § 16-17-530 as applying only to fighting words. *City of Landrum v. Sarratt*, 572 S.E.2d 476 (S.C. Ct. App. 2002). Fighting words fall within the classes of speech not afforded the protection of the First Amendment. *Chaplinsky v. New Hampshire*, 315 U.S. 568, 571–72 (1942). Accordingly, because the South Carolina appellate courts have construed S.C. Code Ann. § 16-17-530 as applying only to a class of speech unprotected by the First Amendment, the statute does not reach constitutionally protected conduct and, thus, is not unconstitutionally overbroad.[2]

### *Vagueness*

---

[2] The Court is unpersuaded by Plaintiff's arguments that *Sarratt* cannot provide authoritative statutory interpretation because (1) the case was decided by the South Carolina Court of Appeals and not the Supreme Court of South Carolina and (2) the case interpreted S.C. Code Ann. § 16-17-530(a) and not § 16-17-530(b). [*See* Docs. 21 at 2–3; 22 at 2–3; 36 at 1–2.] With respect to Plaintiff's argument that *Sarratt* is not authoritative because it was not decided by the Supreme Court of South Carolina, the United States Supreme Court has held that an opinion of a state's intermediate appellate court is authoritative for purposes of defining the meaning of a statute where the state supreme court had not reviewed the statute and the appellate court's opinion had been the law in the state. *Kolender*, 461 U.S. at 356 n.4; *see also Gooding v. Wilson*, 405 U.S. 518, 525 n.3, 528 (1972) (discussing how the Georgia appellate courts had construed a state statute and noting that decisions of the Court of Appeals of Georgia are binding upon all trial courts in the absence of a conflicting decision of the Supreme Court of Georgia). With respect to Plaintiff's argument that *Sarratt* is not authoritative because it interpreted S.C. Code Ann. § 16-17-530(a) and not § 16-17-530(b), the *Sarratt* opinion quotes both subsections (a) and (b) of S.C. Code Ann. § 16-17-530 and references profane language and speech. *Sarratt*, 572 S.E.2d at 477, 478. The term "profane" is found only in S.C. Code Ann. § 16-17-530(b); accordingly, the *Sarratt* court interpreted S.C. Code Ann. § 16-17-530(b).

With respect to vagueness, a statute is impermissibly vague if it either (1) "fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits" or (2) "authorizes or even encourages arbitrary and discriminatory enforcement." *Hill v. Colorado*, 530 U.S. 703, 732 (2000) (citing *City of Chicago v. Morales*, 527 U.S. 41, 56–57 (1999)).  The Supreme Court has explained that

> [v]ague laws offend several important values.  First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly.  Vague laws may trap the innocent by not providing fair warning.  Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them.  A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application.  Third, but related, where a vague statute abut(s) upon sensitive areas of basic First Amendment freedoms, it operates to inhibit the exercise of (those) freedoms.  Uncertain meanings inevitably lead citizens to steer far wider of the unlawful zone . . . than if the boundaries of the forbidden areas were clearly marked.

*Grayned*, 408 U.S. at 108–09 (some alterations in original) (internal quotation marks and footnote citations omitted).  As with challenges based on overbreadth, in evaluating vagueness challenges, the Court has "expressed greater tolerance of enactments with civil rather than criminal penalties because the consequences of imprecision are qualitatively less severe."  *Village of Hoffman Estates*, 455 U.S. at 499 (citing *Winters*, 333 U.S. at 515). However, "a scienter requirement may mitigate a law's vagueness, especially with respect to the adequacy of notice to the complainant that his conduct is proscribed."  *Id.*  Finally, "perhaps the most important factor affecting the clarity that the Constitution demands of a law is whether it threatens to inhibit the exercise of constitutionally protected rights." *Id.*

13

Thus, although it is possible for a law that "does not reach constitutionally protected conduct" to be declared facially unduly vague, "[i]f, for example, the law interferes with the right of free speech or of association, a more stringent vagueness test should apply." *Id.* at 497, 499. Moreover, to succeed on a vagueness challenge to a law that does not reach constitutionally protected conduct, "the complainant must demonstrate that the law is impermissibly vague in all of its applications." *Id.* at 497.

Plaintiff argues S.C. Code Ann. § 16-17-530(b) is unconstitutionally vague because it fails to provide fair notice and permits arbitrary enforcement. [Doc. 10-1 at 6–8.] Plaintiff further argues that the terms "profane" and "hearing distance" are vague. [*Id.*] However, as stated above, the term "profane" has been construed by the South Carolina Court of Appeals to mean fighting words. Fighting words have been defined as "those which by their very utterance inflict injury or tend to incite an immediate breach of the peace" and are not unconstitutionally vague. *Chaplinsky*, 315 U.S. at 572.

Additionally, because the statute, as construed, does not reach constitutionally protected conduct, for the Court to hold it unconstitutionally vague, Plaintiff would have to establish that it is vague in all of its possible applications. As the United States Supreme Court has recognized,

> . . . If any fool would know that a particular category of conduct would be within the reach of the statute, if there is an unmistakable core that a reasonable person would know is forbidden by the law, the enactment is not unconstitutional on its face and should not be vulnerable to a facial attack in a declaratory judgment action such as is involved in this case. Under our cases, this would be true, even though as applied to other conduct the provision would fail to give the constitutionally required notice of illegality.

14

*Kolender*, 461 U.S. at 370–71. With respect to the term "hearing distance," the Court notes a lack of specificity in the term "hearing distance" that would not be there if, for example, the legislature had chosen a measurable fixed distance from a schoolhouse or church. However, the Court cannot conclude that this term is vague in *all* of its possible applications. "Condemned to the use of words, we can never expect mathematical certainty from our language," *Grayned*, 408 U.S. at 110, and "hearing distance" is not vague if, for instance, the obscene or profane language is used *on* the schoolhouse or church grounds. Thus, although there are certainly some locations where it would be difficult to determine whether the use of obscene or profane language is within hearing distance of a schoolhouse or church, there is an "unmistakable core that a reasonable person would know is forbidden by the law." *See id.* Accordingly, the use of the term "hearing distance" does not render the statute unconstitutionally vague. *Cf. Grayned*, 408 U.S. 104 (holding that "adjacent" to a school is a sufficiently fixed place); *Cox v. State of La.*, 379 U.S. 559 (1965) (holding that "near" the courthouse was not impermissibly vague).

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that the motion for preliminary injunction filed by Plaintiff be DENIED; the motion to dismiss filed by Wilson be GRANTED; the motion for summary judgment as to Count IV filed by Plaintiff be DENIED; and the motion for hearing filed by Plaintiff be DENIED.

IT IS SO RECOMMENDED.

July 24, 2015                                             s/Jacquelyn D. Austin
Greenville, South Carolina                      United States Magistrate Judge