IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Krystal Johnson, | ) | Civil Action No. 8:14-3751-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Jesse Quattlebaum, Town of Saluda, Hon. Alan Wilson, | ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Krystal Johnson, ("Plaintiff"), brings the instant action pursuant to 42 U.S.C. § 1983 and South Carolina state law. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial handling.

On July 24, 2015, the Magistrate Judge issued a Report and Recommendation, ("the Report"), (ECF No. 40), recommending that this Court: (1) deny Plaintiff's Motion for Preliminary Injunction, (ECF No. 10); (2) grant Defendant Wilson's Motion to Dismiss, (ECF No. 20); and (3) deny Plaintiff's Motion for Summary Judgment as to Count IV of the Complaint, (ECF No. 21), as well as Plaintiff's Motion for Hearing. (ECF No. 21). Plaintiff filed an Objection to the Report on August 10, 2015, (ECF No. 44), to which Defendants replied on August 27, 2015. (ECF Nos. 53 and 54). The matter is now ripe for review by this Court.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is

made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  In the absence of a timely filed Objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In light of the standards set forth above, the Court has reviewed, *de novo*, the entire record in this case, including, in particular, the Magistrate Judge's Report and Plaintiff's Objection.  The Court has considered each of Plaintiff's objections or "assignments of error" regarding the Report and finds that none of Plaintiff's arguments effectively counter the reasoned conclusions of the Magistrate Judge.  The Court, like the Magistrate Judge, is not persuaded by Plaintiff's argument that *City of Landrum v. Saratt*, 572 S.E.2d 476 (S.C. App. 2002), cannot and does not provide an authoritative statutory interpretation of S.C. Code Ann. § 16-17-530(b).  The Court agrees with Defendants that Plaintiff's objection here is based upon a too narrow reading of *Kolender v. Lawson*, 461 U.S. 352 (1983), particularly in light of a side-by-side analysis of the United State Supreme Court's prior holding in *Gooding v. Wilson*, 405 U.S. 518 (1972).  Nor does the Court find any merit in Plaintiff's claim that the South Carolina Court of Appeals' analysis in *Saratt* is somehow contradicted by the earlier South Carolina Supreme Court case of *State v. Roper*, 260 S.E.2d 705 (1979). It is apparent to this Court that the *Roper* court did not directly take up the constitutionality of § 16-17-530(b) but simply held that, even assuming § 16-17-530(b) *was* unconstitutional, there was still sufficient probable cause to arrest the particular criminal defendants whose convictions were at issue in that case.  Nor is the Court able to conclude, as Plaintiff urges in his Objection, that

even if not unconstitutionally overbroad, § 16-17-530(b) is nonetheless void for vagueness.  As the Magistrate Judge correctly sets out in the Report, in order for the Court to reach such a conclusion, Plaintiff would have to show that § 16-17-530(b) "is impermissibly vague in all of its applications." *Village of Hoffman Estates v. Flipside, Hoffman Estates*, 455 U.S. 489, 497 (1982).  Plaintiff has not met that high burden on this record.  The Court cannot conclude that the term "profane language," as used in the statute, is unconstitutionally vague, as it has now been the law of South Carolina for over a decade that the term refers more specifically to "fighting words."  Nor can the Court conclude, for the reasons already pointed out by both the Magistrate Judge and by Defendants, that the term "hearing distance" is impermissibly vague in *all* of its applications.

Based upon all of the forgoing, the Court concurs with the reasoning of the Magistrate Judge and adopts the Report and incorporates it herein by reference, (ECF No. 40), overruling Plaintiff's Objection.  (ECF No. 44).  Plaintiff's Motion for Preliminary Injunction, (ECF No. 10), Motion for Summary Judgment as to Count IV of the Complaint, (ECF No. 21), and Motion for Hearing, (ECF No. 21), are **DENIED**, Defendant Wilson's Motion to Dismiss, (ECF No. 20), is **GRANTED**, and Count IV of the Complaint is thereby **DISMISSED**.

Consistent with Plaintiff's request, pursuant to Federal Rule of Civil Procedure 54(b), the Court hereby directs entry of a partial final judgment as to Count IV of the Complaint so as to permit Plaintiff to seek appellate review.  The Court does not find, nor has any opposing party expressed, a just reason for delay.

**IT IS SO ORDERED.**

s/Mary G. Lewis<br>United States District Judge

September 21, 2015
Columbia, South Carolina